UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KIMBERLY STEWART,
            *Plaintiff-Appellant,*

v.

COYNE TEXTILE SERVICES; COYNE
INTERNATIONAL ENTERPRISES,
CORPORATION,
            *Defendants-Appellees.*

No. 03-1936

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CA-02-198-3)

Argued: February 24, 2004

Decided: May 13, 2004

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Nancy S. Brewer, LEGAL AID OF WEST VIRGINIA,
Huntington, West Virginia, for Appellant. Michael Edward Estep,
JENKINS FENSTERMAKER, P.L.L.C., Huntington, West Virginia,
for Appellees. **ON BRIEF:** Thomas E. Scarr, JENKINS FENSTER-
MAKER, P.L.L.C., Huntington, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Plaintiff Kimberly Stewart brought a Family and Medical Leave Act action against her employer, Coyne Textile Services. At some point in the litigation, the parties reached an oral settlement. Shortly thereafter, but before the settlement was reduced to writing, Coyne Textile Services sought suspension of its settlement obligations as a result of Stewart's alleged breach of confidentiality. The district court found a breach of confidentiality and ordered a suspension of a significant portion of the settlement. Stewart appeals, maintaining that the district court erred in its resolution of the settlement agreement dispute. We vacate and remand.

### I.

On March 7, 2002, Stewart filed a complaint asserting claims arising out of the termination of her employment with Coyne. After extensive discovery, the district court denied the parties' summary judgment motions, and the matter was scheduled to go to trial on June 10, 2003. The parties reached a *confidential oral* settlement of the matter on June 9, 2003.

At the time of settlement, it was clear that, although the parties had reached a binding settlement, the parties intended to reduce the agreement to writing in the near future. The basic terms of the settlement included: (1) reinstatement of Stewart to the same or a similar position; and (2) a settlement payment, part of which would be paid in a lump sum at the time of the execution of the settlement documents, with the balance to be paid in installments over a ten-month period.

Although the precise details are now disputed, the parties also reached some form of an agreement that the terms of the settlement would be strictly confidential. The settlement terms also appear to

have included an agreement that a portion of the total settlement payment would reflect and constitute back pay while the balance would represent consideration for Stewart's confidentiality agreement. Specifically, some portion the installment payments would be forfeited if Stewart violated the confidentiality provisions.

Coyne agreed to reinstate Stewart immediately, prior to the execution of the written settlement agreement. Then, on June 16, 2003, after learning that the details of the settlement had been made public,[1] Coyne filed a motion to enforce the settlement and award sanctions.

The district court held a plenary evidentiary hearing on June 19, 2003, and determined that Stewart had breached the confidentiality agreement. As a result, the district court decided that Coyne was entitled to suspend a portion of the agreed upon settlement payment. Specifically, the district court found that one half of the total settlement amount should be allocated to lost wages and the other half to the confidentiality agreement. Accordingly, the court held that Coyne was entitled to suspend the payment of one half of the total settlement amount. The rest of the balance, including the lump sum payment, would remain in effect, and Coyne was ordered to comply with all other terms of the settlement.[2] Stewart then filed this appeal.

## II.

It is well settled that a district court retains inherent jurisdiction and equitable power to enforce agreements entered into in settlement of litigation before that court. *Millner v. Norfolk & Western Ry.*, 643 F.2d 1005, 1009 (4th Cir. 1981); *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975). However, the district court only retains the power to enforce *complete* settlement agreements; it does not have

---

[1]The court later found that the breach of confidentiality occurred on June 10, 2003, one day after the settlement was reached.

[2]After this hearing, a written agreement was formally executed on July 24, 2003. It is unclear how to characterize this writing — as either a memorialization of the court's order or of the original settlement agreement. However, we need not consider the question because this writing suffers from the same defect as the oral agreement: parties may not cede resolution of material terms to the court.

the power to sit as a final arbiter and impose a settlement agreement where there was never a meeting of the parties' minds. Where there has been no meeting of the minds sufficient to form a complete settlement agreement, any partial performance of the settlement agreement must be rescinded and the case must be restored to the docket for trial. *Wood*, 528 F.2d at 425.

Thus, to exercise its inherent power to enforce a settlement, a district court must find that the parties reached a complete agreement and must be able to determine the terms and conditions of that agreement. *Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991). "If there is a factual dispute over the existence of an agreement . . . or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 541 (4th Cir. 2002). Instead, when such factual disputes arise, the court must "conduct a plenary evidentiary hearing in order to resolve that dispute," *Millner*, 643 F.2d at 1009, and make findings on the issues in dispute, *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983). If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement.

In this case, it is clear that the parties attempted to settle Stewart's claims. However, while the parties agree as to the existence of the settlement agreement, there is a factual dispute over the terms of the agreement. Specifically, the parties dispute how the overall payment was to be apportioned between back pay and the penalty for breach of confidentiality.

Because the parties disagreed over the terms of the settlement agreement, the district court could not summarily enforce the agreement. Accordingly, the district court properly held a plenary evidentiary hearing and made certain findings of fact. The district court did not make a finding of fact, however, as to how the parties had agreed the payments were to be apportioned and as to what type of penalty the parties had agreed would be levied if the confidentiality agreement was breached. Rather, the district court simply stated: "I think the fairest resolution is for the Court to consider that of the [total payment amount], half was to be paid, essentially, for lost wages, the other half for confidentiality." J.A. 81. Thus, the district court

imposed a remedy that it believed was fair, without ever determining as a factual matter what remedy had been agreed upon by the parties.

Because the district court did not make the requisite findings of fact, it is impossible to determine whether the agreement should have been enforced, how it should have been enforced, and whether there was an actual breach. Thus, we vacate the district court's order and remand the case for resolution of these factual questions, if possible, and for any other proceedings that may be necessary.

*VACATED AND REMANDED*